UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SHER'MON A. ALLEN,

    Plaintiff,

v.                                                Case No. 3:24cv252-LC-HTC

ADAM SUTTON, et al.,

    Defendants.

_____/

REPORT AND RECOMMENDATION

Before the Court is Plaintiff Sher'mon A. Allen's motion for preliminary injunction. Doc. 2. Allen asks the Court to issue an injunction requiring the staff at Santa Rosa Correctional Institution ("SRCI") to serve him food on mold-free trays, with the cleanliness of the trays being verified by a Lieutenant or higher-ranking officer. Upon consideration, the undersigned recommends the motion be denied because Allen has not shown a substantial likelihood of success on the merits or that he will suffer irreparable injury without an injunction.

To obtain a preliminary injunction, a party must establish: "(1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Jones v. Governor*

*of Fla.*, 950 F.3d 795, 806 (11th Cir. 2020) (quotation omitted). "A preliminary injunction is an 'extraordinary and drastic remedy,' and [the movant] bears the 'burden of persuasion' to clearly establish all four of these prerequisites." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000)).

Here, Allen has not established a substantial likelihood of success on the merits. *See In re Gateway Radiology Consultants, P.A.*, 983 F.3d 1239, 1254 (11th Cir. 2020) ("If there is no substantial likelihood of success on the merits, no injunction may be issued."). As the Court explained in its August 8, 2024, Order (Doc. 12), the operative complaint (Doc. 1) does not state a claim on which relief may be granted because Allen has not established either the objective or subjective component of a deliberate indifference claim. *See Stallworth Wilkins*, 802 F. App'x 435, 438, 443-44 (11th Cir. 2020) (concluding prisoner who alleged "he became 'very sick' and suffered 'a few stomach viruses,' vomiting, fever, and constipation from having to eat off meal trays covered in 'black mold and mildew'" for five months failed to state an Eighth Amendment claim); *Blount v. Folino*, 2011 WL 2489894, at *13 (W.D. Pa. June 21, 2011) ("Addressing the objective prong, case law exists indicating that the service of food on unsanitary trays does not present an unreasonable risk of harm."); *see also* Doc. 12 at 7-9 (explaining why Allen's

allegations do not show the Defendants knew their conduct put him at substantial risk of serious harm).

In addition, Allen has not established he will suffer irreparable injury unless the Court issues an injunction. Allen asserts he has been served food on moldy trays for over a year, including at his prior place of confinement, Florida State Prison. However, he does not indicate he ever previously sought injunctive relief related to the trays, which suggests he does not face irreparable injury. *See Wreal*, 840 F.3d at 1248 ("A delay in seeking a preliminary injunction of even only a few months—though not necessarily fatal—militates against a finding of irreparable harm."). Furthermore, Allen states he submitted a grievance regarding the trays and the food service director at SRCI indicated officials are taking action to address the issue. *See* Doc. 2-1 at 2 (stating Aramark is "working on a system to clean the trays").[1] Thus, Allen's concerns regarding the trays may be addressed without an injunction.

Because Allen has not established a substantial likelihood of success on the merits or that he will suffer irreparable injury without an injunction, his motion for preliminary injunction should be denied.

Accordingly, it is RECOMMENDED:

That Allen's motion for preliminary injunction, Doc. 2, be DENIED.

---

[1] Allen says he attached a copy of the approved grievance regarding the mold to his motion, but the Court did not receive a copy of the grievance.

At Pensacola, Florida, this 9th day of August, 2024.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.