UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SHER'MON A. ALLEN,

    Plaintiff,

v.                                    Case No. 3:24cv252-LC-HTC

ADAM SUTTON,

    Defendant.
_____/

REPORT AND RECOMMENDATION

Plaintiff Sher'mon A. Allen, a prisoner proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983 alleging the food he is served at Santa Rosa Correctional Institution ("SRCI") violates the Eighth Amendment. Doc. 14. After reviewing Allen's original complaint, the Court concluded it failed to state a claim on which relief may be granted. Nevertheless, the Court gave Allen an opportunity to amend the complaint and advised him of the legal standard applicable to a deliberate indifference claim. Allen's amended complaint, however, still fails to contain factual allegations which support a deliberate indifference claim. Thus, this case should be dismissed without prejudice.

## I.  Background

Allen's amended complaint names Adam Sutton, the food service director at SRCI, as the only Defendant.  The amended complaint contains the following allegations.

On April 23, 2024, Allen noticed "thick layers of mold" under and around the food on his food tray.  On May 9, Allen "became sick with symptoms of stomach pains, vomiting, and diarrhea."  On May 15, Allen started refusing to eat "the contaminated food served on the contaminated trays."  Prison staff would "verify the dirty trays" and substitute them.

On May 18, Defendant Sutton notified staff he would no longer send Styrofoam trays as substitutes for contaminated trays.  Due "to being unable to eat off of the filthy trays from gag reflex and fear of getting sicker," Allen showed staff the trays he received from May 18 to May 21 "to verify the old food from previous meals that was stuck on the trays and/or the mold that covered the trays."  Allen gave the trays to staff but Sutton refused to send replacement trays; instead, Sutton said "he is working on a new system to get the trays cleaner."

Between May 25 and May 28, and then from June 1 to June 4, Sutton again refused to replace Allen's contaminated trays, resulting in him not eating for those three-day periods.  Within two weeks, Allen's weight dropped from 188 pounds to 166 pounds.

Allen asserts as of August 28, 2024, "the trays remain filthy." If Allen eats, "it's only one tray a day and only the food[] that does not touch the trays, leaving the vegetables that are in veggie juice untouched." Allen alleges officials from Tallahassee visited SRCI on May 9 and "found the kitchen to be so unsanitary they order[ed] the kitchen to be shut down."

Based on the foregoing, Allen alleges Defendant Sutton violated his Eighth Amendment rights by displaying deliberate indifference. As relief, he seeks damages.

## II.  Legal Standard

Because Allen is a prisoner proceeding *in forma pauperis*, the Court must dismiss his complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). To state a claim, Allen must plead factual content which allows the Court to draw the reasonable inference the Defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must liberally construe Allen's *pro se* allegations, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), but conclusory allegations and legal conclusions couched as factual allegations are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 681; *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## III.    Discussion

Allen alleges Defendant Sutton's conduct amounted to deliberate indifference. Establishing liability on an Eighth Amendment deliberate indifference claim involves two components. First, "the plaintiff must demonstrate, as a threshold matter, that he suffered a deprivation that was, 'objectively, sufficiently serious.'" *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Second, "the plaintiff must demonstrate that the defendant acted with 'subjective recklessness as used in the criminal law,' and to do so he must show that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff—with the caveat … that even if the defendant 'actually knew of a substantial risk to inmate health or safety,' he 'cannot be found liable under the Cruel and Unusual Punishments Clause' if he 'responded reasonably to the risk.'" *Id.* (quoting *Farmer*, 511 U.S. at 839, 844-45).

Here, Allen has not established the objective component of a deliberate indifference claim because his allegations do not show the conditions of his confinement constitute a sufficiently serious deprivation. "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The Eleventh Circuit has held being served food on moldy trays is not an extreme enough deprivation to violate the Eighth Amendment. *See*

*Stallworth v. Wilkins*, 802 F. App'x 435, 438, 443-44 (11th Cir. 2020) (concluding that a prisoner who alleged "he became 'very sick' and suffered 'a few stomach viruses,' vomiting, fever, and constipation from having to eat off meal trays covered in 'black mold and mildew'" failed to state an Eighth Amendment claim); *see also Blount v. Folino*, 2011 WL 2489894, at *13 (W.D. Pa. June 21, 2011) ("Addressing the objective prong, case law exists indicating that the service of food on unsanitary trays does not present an unreasonable risk of harm."). Thus, Allen's allegations do not establish the objective component of a conditions-of-confinement claim.

Allen's allegations also do not plausibly suggest Defendant Sutton "was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to" Allen. Allen claims Sutton "was made aware of [his] illness," but he never alleges how Sutton was made aware or describes what information was provided. *See Smith v. City of Sumiton*, 578 F. App'x 933, 936 (11th Cir. 2014) (finding allegation that defendants "were aware" of an individual's previous misconduct was conclusory and not entitled to the presumption of truth).

Furthermore, the three grievances attached to the amended complaint do not show that Sutton was aware that serving Allen food on moldy trays caused a substantial risk of serious harm. Doc. 14 at 15-17. The grievances advised Sutton about the moldy trays, that Allen was choosing not to eat from the trays, and that he lost 22 pounds over the course of two weeks. But the grievances never advised

Sutton that Allen "became sick with symptoms of stomach pains, vomiting, and diarrhea" on May 9, even assuming those symptoms could be attributed to the trays.[1] Without knowledge that requiring Allen to eat food from the moldy trays caused a substantial risk of serious harm, Sutton cannot be liable for deliberate indifference.

Finally, although Allen indicates he told Sutton that he was refusing meals and lost 22 pounds over two weeks, "losing weight due to voluntary hunger strikes—for whatever reason—is vastly different from losing weight because a prison official repeatedly denied meals." *Wooden v. Barringer*, 2018 WL 6048259, at *8 (N.D. Fla. Apr. 25, 2018), *report and recommendation adopted by*, 2018 WL 6046460 (N.D. Fla. Nov. 19, 2018); *see also Owens v. Hinsley*, 635 F.3d 950, 955 (7th Cir. 2011) ("[I]f weight loss and temporary discomfort are the only consequences of refusing to eat, then the inmate's choice to go on a hunger strike raises no Eighth Amendment concern.") (citations omitted). Thus, in these circumstances, Sutton cannot be liable for an Eighth Amendment violation based on Allen's weight loss. *See Rodriguez v. Briley*, 403 F.3d 952, 953 (7th Cir. 2005) ("A prisoner cannot force the prison to change its rules by going on a hunger strike and blaming the prison for his resulting

---

[1] Allen's May 21 and June 11 informal grievances state he contracted H. pylori, Doc. 14 at 15 & 17, but the grievances do not specify when he contracted it or what effect it had on him. *See Glushchak v. Transamerica Life Ins. Co.*, 596 F. Supp. 3d 1310, 1328 n.10 (N.D. Ga. 2022) (noting "H. pylori is common. Many people have it. Most people who have it won't get ulcers or show any symptoms.") (citation omitted).

loss of weight. … He cannot, in short, be permitted to engineer an Eighth Amendment violation.").

## IV. Conclusion

After Allen filed his original complaint, Doc. 1, the Court issued an order which described the applicable legal standard, advised Allen that the complaint failed to state a claim, and gave Allen an opportunity to submit an amended complaint, Doc. 12. Allen's amended complaint, however, continues to fail to state a claim—namely, his allegations do not show the existence of an extreme deprivation, or that Defendant Sutton exhibited deliberate indifference. Because Allen has failed to cure the deficiencies identified in the original complaint through amendment, this case should be dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Brennan v. Comm'r, Ala. Dep't of Corr.*, 626 F. App'x 939, 945-46 (11th Cir. 2015) ("A *pro se* litigant must be given at least one opportunity to amend his complaint before the court dismisses the action with prejudice if it appears that a more carefully drafted pleading would state a claim upon which relief could be granted.").

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii) due to Allen's failure to state a claim on which relief may be granted.

2.     That the clerk close the file.

At Pensacola, Florida, this 10th day of September, 2024.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1.